UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CRIMINAL ACTION NO. 3:13-CR-164-TBR

XAVIER DEMETRIUS PORTER,                    MOVANT/DEFENDANT

v.

UNITED STATES OF AMERICA                    RESPONDENT/PLAINTIFF

**MEMORANDUM OPINION**

This matter is before the Court on Petitioner Xavier Demetrius Porter's Amended Motion
to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. [DN 87.] The United States
filed a Response, [DN 89], and the Magistrate Judge issued Findings of Fact and Conclusions of
Law and a Recommendation, [DN 90.] Porter filed Objections to the Magistrate Judge's report,
and the United States did not respond. Fully briefed, this matter is now ripe for adjudication.
Having reviewed Porter's objections, the Court **ADOPTS** the Magistrate Judge's Findings of
Fact and Conclusions of Law and **ADOPTS** the Magistrate Judge's Recommendation that
Porter's § 2255 motion be denied. For the reasons that follow, Porter's Objections are
**OVERRULED**. The Court will enter a separate Order and Judgment consistent with this
Memorandum Opinion.

DISCUSSION

In 2014, Xavier Porter pled guilty to eleven out of eighteen charges included in his
Indictment.[1] [DN 65 (Plea Agreement).] One of the counts to which Porter pled guilty, Count 17,
charged Porter with violating 18 U.S.C. § 924(c)(1)(A)(ii), which prohibits brandishing a firearm
in furtherance of a crime of violence. [DN 1 at 9–10 (Indictment)]; 18 U.S.C. § 924(c)(1)(A)(ii).

---
[1] The other seven counts in the Indictment were dismissed. [DN 77 at 1 (Judgment and Commitment Order).]

Section 924(c)(3) defines "crime of violence" as used in § 924(c) to mean a felony "(A) [that] has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3). Subsection (A) is known as the "force clause," while subsection (B) is known as the "residual clause." [DN 90 at 4.]

In the instant motion, Porter argues that his conviction under § 924(c)(1)(A)(ii) is invalid based on the Supreme Court's holding in *Johnson v. United States*, 135 S. Ct. 2551 (2015). In *Johnson*, the Supreme Court held unconstitutional the "residual clause" of 18 U.S.C. § 924(e)(2)(B) which, in part, defines "violent felony" as a crime that "otherwise involves conduct that presents a serious potential risk of physical injury to another." 135 S. Ct. 2551, 2557–58 (2015) (citing 18 U.S.C. § 924(e)(2)(B)). In doing so, the Court held that this "residual clause" is unconstitutionally vague. *Id.* at 2557.

According to Porter, because the residual clause of § 924(c)(3)(B) is similarly worded to the residual clause of § 924(e)(2)(B)(ii), which the Supreme Court held unconstitutional in *Johnson*, his conviction under § 924(c) is invalid. However, as the Magistrate Judge explained in his Report, "[a]lthough the 'residual clauses' in these two statutes are similar, the Sixth Circuit has explicitly rejected Porter's argument that the 'residual clause' of § 924(c)(3)(B) is unconstitutionally vague based on the reasoning of the Supreme Court in *Johnson*." [DN 90 at 4–5.] Indeed, the Sixth Circuit addressed this very argument in *United States v. Taylor*, 814 F.3d 340 (6th Cir. 2016). In that case, the court engaged in a lengthy analysis in which it discussed many "factors [that] distinguish the ACCA residual clause from § 924(c)(3)(B)." *United States v. Taylor*, 814 F.3d 340, 376 (6th Cir. 2016). In detail, the court explained, in part:

First, the statutory language of § 924(c)(3)(B) is distinctly narrower, especially in that it deals with physical force rather than physical injury. Second, the ACCA residual clause is linked to a confusing set of examples that plagued the Supreme Court in coming up with a coherent way to apply the clause, whereas there is no such weakness in § 924(c)(3)(B). Third, the Supreme Court reached its void-for-vagueness conclusion only after struggling mightily for nine years to come up with a coherent interpretation of the clause, whereas no such history has occurred with respect to § 924(c)(3)(B). Finally, the Supreme Court was clear in limiting its holding to the particular set of circumstances applying to the ACCA residual clause, and only some of those circumstances apply to § 924(c)(3)(B).

*Id.* at 376. Ultimately, the court concluded that, "[b]ecause § 924(c)(3)(B) is considerably narrower than the statute invalidated by the Court in *Johnson,* and because much of *Johnson's* analysis does not apply to § 924(c)(3)(B)," *Johnson* does not compel the invalidation of the residual clause in § 924(c)(3)(B). *Id.* at 375–76. Accordingly, the Magistrate Judge concluded that "*Taylor* controls the only issue Porter raises for relief," [DN 90 at 5], and the Court agrees.

In his Objections, Porter fails to address why he believes the Magistrate Judge's reliance on *Taylor* and his conclusions based on that case are erroneous. Rather, Porter reiterates his argument that *Johnson* applies to this case and requires the invalidation of § 924(c)(3)(B)'s residual clause, which is insufficient. [*See* DN 92 at 1–2.] Porter also makes a new argument, that "he is actually innocent of §924(e)" because he does not meet the requirement of having "three previous convictions . . . for a violent felony or a serious drug offense, or both, committed on occasions different from one another." 18 U.S.C. § 924(e)(1). However, Porter did not raise this ground in his petition for habeas relief, in which the sole argument he made was that the "[a]pplication of U.S.C. (924)(c) is unconstitutional in this case" based on *Johnson*. [DN 87 at 4.]

"While the Magistrate Judge Act, 28 U.S.C. § 631 *et seq*., permits de novo review by the district court if timely objections are filed, absent compelling reasons, it does not allow parties to raise at the district court stage new arguments or issues that were not presented to the magistrate." *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). "[I]ssues raised for the first time in objections to magistrate judge's report and recommendation are deemed waived." *United States*

3

*v. Waters*, 158 F.3d 933, 936 (6th Cir. 1998) (citing *Marshall v. Chater*, 75 F.3d 1421, 1426-27 (10th Cir. 1996)).

*Roach v. Hoffner*, No. 1:13-CV-42, 2016 WL 386151, at *2 (W.D. Mich. Feb. 2, 2016). Porter has not given any reason why he did not raise this argument as a ground for relief in his habeas petition such that the United States could have responded and the Magistrate Judge could have considered the issue. Accordingly, the Court will not consider this argument here, and Porter's Objections, [DN 92], are overruled.

CONCLUSION

In sum, the Court has "ma[d]e a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). For the reasons set forth above, Porter's Objections, [DN 92], are **OVERRULED** and the Magistrate Judge's Findings of Fact, Conclusions of Law, and Recommendation, [DN 90], are **ADOPTED**. Porter's § 2255 motion, [DN 87], is **DENIED** and a certificate of appealability is **DENIED** as to all grounds raised therein.

**IT IS SO ORDERED**.


Date:

cc:     Counsel

        Xavier Demetrius Porter
        15402-033
        JESUP
        FEDERAL CORRECTIONAL INSTITUTION (FSL)
        Inmate Mail/Parcels
        2680 HIGHWAY 301 SOUTH
        JESUP, GA 31599
        PRO SE